UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re: Case No. 8:16-bk-01171-CPM
Chapter 7

Mary A. Floyd

Debtor /

# TRUSTEE'S MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, ENCUMBRANCES AND INTERESTS WITH CONSENT OF SECURED LENDERS

(Property: 55 Frank Run, Midway, FL 32343)

## NOTICE OF HEARING

A PRELIMINARY HEARING in this case will be held on **JUNE 12, 2017 at 1:30 p.m. in Courtroom 8B,** Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, FL, 33602, before the Honorable Catherine Peek McEwen, United States Bankruptcy Judge, to consider this matter and transact such other business that may come before the Court.

1. The hearing may be continued upon announcement made in open Court without further notice.
2. Appropriate Attire. You are reminded that Local Rule 5072−1(b)(16) requires that all persons appearing in Court should dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.
3. Avoid delays at Courthouse security checkpoints. You are reminded that Local Rule 5073−1 **restricts the entry of cellular telephones** and, except in Orlando, computers into the Courthouse absent a specific order of authorization issued beforehand by the presiding judge. Due to heightened security procedures, persons must present photo identification to enter the Courthouse.

COMES NOW, Carolyn R. Chaney, Chapter 7 Trustee (the "Trustee") duly appointed for the above-referenced debtor (the "Debtor") pursuant to Sections 105 and 363 of the Bankruptcy Code hereby files this motion ("Motion") for entry of an order for authority to sell certain real

property of the estate free and clear of all liens, encumbrances and interests. In support thereof, the Trustee respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4. On February 15, 2016, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Carolyn R. Chaney is the duly appointed and qualified Chapter 7 Trustee. The Trustee held and concluded the 341 meeting of creditors on March 17, 2016.

6. The Debtor scheduled a 100% ownership interest in the real property located at 55 Frank Run, Midway, Florida 32343 (the "Property") and legally described as:

> Lot 15, Block "L", Orion's Point, Phase 2, a subdivision as per map or plat thereof recorded in Plat Book 2, Page 145 of the Public Records of Gadsden County, Florida; Parcel ID #: 4-06-1N-2W-1543-0000L-0150.

7. The Debtor scheduled the Property as having a value of $140,000 subject to a mortgage in favor of US Bank Home Mortgage (the "Secured Creditors") in the amount owed on the Petition Date of approximately $148,763.36.

8. The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BK Global ("BKRES") and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

b. buy the Property from the Debtor's estate if (and only if) no such offer is made;

c. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

d. agree to a 11 U.S.C. §506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtor's estate.

9. The Secured Creditor has represented and warranted that it possesses a valid, perfected, enforceable and unavoidable first mortgage lien on the Property by virtue of a promissory note and mortgage recorded in the Official Records, consisting of principal and interest (the "Secured Creditor Indebtedness").

10. The Trustee has accepted an offer from Faheem Halim to purchase the property in the amount of $145,000.00, as payment in full (subject to Court and lienholder approval).

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

## RELIEF REQUESTED

11. The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, free and clear of all liens, using the services of BKRES and Listing Agent. As a material inducement to the Trustee's decision to pursue the proposed sale, the Secured Creditor US Bank Home Mortgage consents to the Property's sale for the amount of $145,000.00 and the creation of a carve-out fund (the "Carve-Out Fund") in the amount of $4,000.00 for the bankruptcy estate that will provide a recovery for the creditors in this bankruptcy estate.

12. Florida Housing Finance Corporation has a lien against the property in the amount of $46,342.00 for down payment assistance from the HAP Program and a lien in the amount of $42,000.00 for mortgage payment assistance from the HHF Program. As of April 10, 2017, the unpaid principal balances of these loans are $46,342.00 and $18,001.50, respectively. FHFC has agreed to accept $1,500.00 in full payoff of its mortgages.

13. Any creditor, other than the Secured Creditors above, asserting an interest or secured claim against the Property must file an objection to the sale prior to hearing on this matter.

## BASIS FOR RELIEF

### A. The Sale of the Property Should Be Approved

14. The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances of record, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and her professionals, pursuant to the Sale procedures described below.

15. Pursuant to Section 363(b) of the Bankruptcy Code, a Trustee, after notice and hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of

business. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008). Further, Bankruptcy Rule 6004(f) contemplates sales outside of the ordinary course of business.

16. The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted an offer from a disinterested party that has been approved by the Secured Creditor and will result in a carve-out for the Bankruptcy Estate of $4,000.00. Attached as Exhibit "A" is the Settlement Statement.

17. Accordingly, the Trustee submits that the sale of the Property pursuant to the above process is reasonable under Section 363(b) of the Bankruptcy Code.

18. Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169 n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities."); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

19. The Trustee states that she shall satisfy Section 363(f)(2) of the Bankruptcy Code because the Secured Creditor consents to a sale of the property.

20. The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers to this Motion prior to the hearing date. Otherwise, the Court may authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.[2] Failure to object after proper notice and opportunity to object is deemed consent. *See BAC Home Loans Servicing LP v.* Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v.* Elliott, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012WL1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).

21. The Trustee seeks authority to execute all documents and instruments she deems reasonable, necessary and/or desirable to close the sale. The only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed, and (b) a copy of the Final Sale Order.

22. The Secured Creditor agrees to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition or the equivalent to twelve months' assessments and (3) all closing costs including State Documentary Stamps for the entire closing price pursuant to Florida Statute Sections 201.01 and 201.02; (4) 2% real estate commission to Lord and Stanley Realty, Inc., 2% real estate commission to Anchor Realty of St. George Island, Inc. as Cooperating Broker, 2% real estate commission to BK Global Real Estate Services; and (5) the carve-out to the bankruptcy estate of $4,000.00. Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

[2] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

B. The Sale Will Be Undertaken by the Buyer in Good Faith

23. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

24. The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." (citation omitted)); see *also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

25. The Trustee asserts that the sale of the Property will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

26. The Trustee further states that given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed Sale is in the best interest of the estate and its creditors.

27. The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents she deems reasonable, necessary and/or

desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

## CONCLUSION

The Trustee, in the exercise of her business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested parties, including the Secured Creditors. The Buyer has agreed, subject to Court approval, to pay $145,000.00 in exchange for the Property free and clear of all liens, encumbrances, or interests.

WHEREFORE, the Trustee moves for the entry of an Order:

A. Authorizing the sale of the Property to the purchaser free and clear of all liens, encumbrances, or interests of any party;

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the Property free and clear of all liens, encumbrances, or interests, including without limitation, executing a deed conveying the interests of the Debtor or any other party claiming an interest in the Property to the Purchaser;

C. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, to make such disbursements on or after the closing of the sale as are required by the purchase agreement or Order of this Court, including, but not limited to: (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property (b) any outstanding Home Owner's Association fee or assessment arrearages; and (c) payment of real estate commissions of 2% each to Lord and Stanley Realty, Inc., 2% commission to Anchor Realty of St. George Island, Inc. and 2% commission to BK Global Real Estate Services ; (d) other anticipated closing costs.

D. Determining that all affected interests have been adjudged and declared to be unconditionally released as to the Property;

E. Determining that the Buyer has not assumed any liabilities of the Debtor;

F. Determining that the Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and that the Buyer is entitled to all protections of Section 363(m) of the Bankruptcy Code,

G. Waive the 14-day stay pursuant to Rule 6004(h), and

H. Granting the Trustee such other and further relief as is just and proper.

DATED: May 10, 2017.

Respectfully submitted,

/s/ Carolyn R. Chaney, Trustee
Post Office Box 530248
St. Petersburg, FL 33747-0248
Telephone: 727-864-9851
Email: carolyn.chaney@earthlink.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion has been served by U.S. Mail or electronic delivery on May 10, 2017, to:

Office of United States Trustee, USTP.Region21.ECF@USDOJ.GOV

Debtor: Mary A. Floyd, 4514 Kennewick Place, Riverview, FL 33578

Attorney for Debtor: Robert M. Geller, Esquire, 807 W. Azeele Street, Tampa, FL 33606; Email: rmgbk@verizon.net

US Bank Home Mortgage, c/o Margaret Ribaudo, P.O. Box 211128, Eagan, MN 55121

Austin M. Noel, Esquire, Buckley Madole, P.C, for U.S. Bank National Association, P.O. Box 22408, Tampa, FL 33622; Email: bkfl@buckleymadole.com

Florida Housing Finance Corporation, Attn: Barbara E. Goltz, Chief Financial Officer, 227 North Bronough Street, Suite 5000, Tallahassee, FL 32301

Attached Creditor Matrix.

/s/ Carolyn R. Chaney, Trustee

Label Matrix for local noticing
113A-8
Case 8:16-bk-01171-CPM
Middle District of Florida
Tampa
Wed May 10 09:05:34 EDT 2017

BK Global Real Estate Services
I/C/O Stephanie Givens
2000 E Lamar Blvd, Ste 155
Arlington, TX 76006-7337

BMW Financial Services, N.A., LLC
P.O. Box 201347
Arlington, TX 76006-1347

Mary A. Floyd
4514 Kennewick Place
Riverview, FL 33578-2122

Lord & Stanley Realty, Inc.
1530 Metropolitan Blvd.
Tallahassee, FL 32308-3775

Acs/Sntrsted
C/O Acs 501 Bleeker Street
Utica, NY 13501-2401

Aes/Wells Fargo
Po Box 61047
Harrisburg, PA 17106-1047

BMW Bank of North America
5550 Britton Parkway
Hilliard, OH 43026-7456

(p)BMW FINANCIAL SERVICES
CUSTOMER SERVICE CENTER
PO BOX 3608
DUBLIN OH 43016-0306

Central Credit Service
9550 Regency Square Blvd
Jacksonville, FL 32225-8169

(p)CHOICE RECOVERY INC
1550 OLD HENDERSON ROAD
STE 100
COLUMBUS OH 43220-3662

Collection Bur Ft Walt
711 Eglin Pkwy Ne
Fort Walton Beach, FL 32547-2527

Credit Coll
Po Box 9134
Needham, MA 02494-9134

Debt Rec Sol
900 Merchants Conc Suite 106
Westbury, NY 11590-5114

Dept Of Ed/Navient
Po Box 9635
Wilkes Barre, PA 18773-9635

Dept Of Education/Neln
121 S 13th St
Lincoln, NE 68508-1904

Elan Fin Svc
Cb Disputes Po Box 108
Saint Louis, MO 63166-0108

Enhanced Recovery Co L
8014 Bayberry Rd
Jacksonville, FL 32256-7412

Fed Loan Srv
Po Box 60610
Harrisburg, PA 17106-0610

First Florida Credit U
500 W 1st St
Jacksonville, FL 32202-3939

Greenspoon Marder
100 W. Cypress Creek Rd.
suite 700
Fort Lauderdale, FL 33309-2195

Josie Alvarez
10155 Haverhill Ridge Dr
Riverview, FL 33578-2121

Lease Rental
45 Haverhill St
Andover, MA 01810-1499

M J Altman Companies I
112 E Fort King St
Ocala, FL 34471-2123

Merchants Ad
P O Box 7511
Mobile, AL 36670-0511

Nelnet
121 South 13th St. Suite 201
Lincoln NE 68508-1922

Nelnet LNS
P.O. Box 1649
Denver, CO 80201-1649

Online Collections
Po Box 1489
Winterville, NC 28590-1489

Pinnacle Credit Servic
Po Box 640
Hopkins, MN 55343-0640

State Empl
401 W First Street
Jacksonville, FL 32202-3930

Tsi/33
Pob 15609
Wilmington, DE 19850-5609

U.S. Department of Education
C/O Nelnet
121 South 13th St. Suite 201
Lincoln NE 68508-1911

US Bank Home Mortgage
4801 Frederica Street
Owensboro, KY 42301-7441

Wf Efs
Po Box 84712 Po Box 84712
Sioux Falls, SD 57118-4712

Carolyn R. Chaney +
PO Box 530248
St. Petersburg, FL 33747-0248

Robert M Geller +
Law Offices of Robert M. Geller, P.A.
807 W Azeele Street
Tampa, FL 33606-2209

United States Trustee - TPA7/13 +
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

Austin M Noel +
Buckley Madole, P.C.
Post Office Box 22408
Tampa, FL 33622-2408

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

BMW Financial Services NA, LLC
P.O. Box 3608
Dublin, OH 43016

(d)Bmw Financial Services
5515 Parkcenter Cir
Dublin, OH 43017

Choice Recovery
1550 Old Henderson Rd St
Columbus, OH 43220

(d)Pfcc - Columbus,Inc.
P.O. Box 20790
Columbus, OH 43220

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)U.S. Bank National Association

(u)Eqautln

(d)Nelnet Lns
Po Box 1649
Denver, CO 80201-1649

| | |
|---|---|
| End of Label Matrix | |
| Mailable recipients | 37 |
| Bypassed recipients | 3 |
| Total | 40 |